UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMPAGNOLO S.R.L., | ) |
| | ) CASE NO. C08-1372 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING IN PART |
| | ) DEFENDANT'S MOTION TO CONTINUE |
| | ) |
| FULL SPEED AHEAD, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **I. INTRODUCTION**

This matter comes before the Court on Defendant "Full Speed Ahead, Inc.'s Motion for a FRCP 56(f) Continuance for Depositions and Discovery." (Dkt. #48). Defendant argues that Plaintiff's motion for partial summary judgment was prematurely filed in this false advertising case concerning bicycle parts. Defendant claims that no discovery has been exchanged in this case, and that discovery is needed to properly defend Plaintff's motion. Therefore Defendant contends that Plaintiff's motion should be renoted to August 28, 2009. Plaintiff responds that its motion presents a straightforward issue, thereby precluding the need for any discovery. Plaintiff additionally claims that Defendant possesses all the information it needs to respond to its motion.

For the reasons set forth below, the Court GRANTS IN PART Defendant's motion.

## **II. DISCUSSION**

### **A. Background**

Plaintiff Campagnolo S.R.L. ("Campagnolo") is a leading manufacturer and developer of modern competitive bicycle goods. Based in Vicenzia, Italy, Campagnolo is especially

ORDER
PAGE - 1

prestigious in Europe, where cycling enjoys wide popularity as both a sport and a recreation. In fact, Campagnolo sponsors several cycling teams on the UCI ProTour, the preeminent competition for professional cyclists which holds a series of races almost exclusively in Europe. Campagnolo's name recognition is perhaps best illustrated by the multiple Tour de France champions who have ridden road bikes containing Campagnolo components, including the legendary Eddy Merckx, two-time United States champion Greg LeMond, and five-time champion Miguel Indurian. In all, Tour de France champions who have donned the famous yellow jersey along the Avenue des Champs-Élysées have chosen Campagnolo components in their road bikes an unparalleled 38 times, 27 more than Campagnolo's closest competitor.[1]

More relevant to the instant case is a specific component manufactured and developed by Campagnolo, the bicycle crankset. A crankset connects to the frame of a bicycle and consists of pedals, a chain wheel, and an axle. This component allows the rider to transfer the power created by his or her rotational pedaling into the chains of the bicycle, which in turn drives the wheels of the bicycle. The crankset is essentially the "engine" of a bicycle that propels the bicycle forward.

Two important features of any crankset are its stiffness and its weight. A stiff crankset allows the rider to maximize the energy created by his or her pedaling into the bicycle itself. However, a stiffer crankset is generally heavier in weight, thereby creating more mass to propel. Likewise, a more flexible and less stiff crankset may be lighter in weight, but may not be as efficient in transferring the rider's energy into the bicycle. Therefore the stiffness-to-weight ratio of a crankset is important to professional and recreational cyclists alike.

It is precisely this ratio that forms the basis of this lawsuit. Campagnolo claims that Defendant Full Speed Ahead, Inc. ("FSA"), a Washington corporation and a competing manufacturer and developer of bicycle goods, made several misrepresentations to the public regarding the stiffness-to-weight ratios of Campagnolo's and FSA's bicycle cranksets. Campagnolo specifically alleges that FSA violated trademark laws when it published several

---

[1] *See* http://www.letour.us/indexold.html, the official website of the Tour de France (visited on March 19, 2009).

ORDER
PAGE - 2

misleading advertisements in various international and national bicycle publications throughout the spring of 2008. Campagnolo also contends that FSA published false and misleading information on FSA's own website. As a result, Campagnolo brought the instant lawsuit on April 17, 2008 in the Eastern District of Pennsylvania against FSA and two related entities. In Campagnolo's original complaint, it brought claims for federal unfair competition and false advertising under § 43(a) of the Lanham Act as codified by 15 U.S.C. § 1125(a), and for common law unfair competition. (Pl.'s Compl., ¶¶ 71-89).

After FSA filed its answer, Campagnolo voluntarily dismissed the two FSA related entities, and FSA moved to transfer the case to this district. The motion was granted by the Honorable Harvey Bartle on September 8, 2008. Soon thereafter, Campagnolo filed an amended complaint in this Court, adding a Washington Consumer Protection Act claim to its original complaint. (Pl.'s Am. Compl., ¶¶ 93-97). Campagnolo subsequently brought a motion for partial summary judgment with respect to its false advertising claim on February 18, 2009. In its motion, Campagnolo argues that there is no factual issue over whether FSA has violated § 43(a) of the Lanham Act because FSA has clearly published false comparative advertisements listing incorrect weights for Campagnolo's cycling products in comparison with FSA's cycling products. Instead of responding to Campagnolo's motion, FSA brought the instant motion to continue pursuant to FRCP 56(f).

**B. FSA's Motion to Continue**

FRCP 56(f) provides:

> If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny that motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

The Ninth Circuit has explained that in order to prevail under this rule, "parties opposing summary judgment must make '(a) a timely application which (b) sufficiently identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n. v.*

*Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Courts should grant Rule 56(f) motions if the nonmoving party has not had the opportunity to discover information essential to its opposition. *See*, *e.g.*, *Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (finding that where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely"). This policy in favor of granting a continuance is consistent with the court's desire to adjudicate cases on the merits.

Notwithstanding this liberal policy, the burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). A district court "does not abuse its discretion by denying further discovery if [1] the movant has failed diligently to pursue discovery in the past . . . or [2] if the movant fails to show how the information sought would preclude summary judgment." *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted). Courts should reject a Rule 56(f) application if "it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (citation omitted).

In the instant case, FSA argues that its continuance should be granted almost as a matter of right given the procedural posture of the case. FSA indicates that no discovery has been exchanged in this case, and that the Court only recently submitted its scheduling order on March 11, 2009, establishing the discovery cut-off for September 29, 2009, and setting the trial date for January 25, 2010. (Dkt. #55). At first blush, it appears that FSA is correct in contending that Campagnolo's partial summary judgment motion was prematurely filed. However, granting a Rule 56(f) application for a continuance based solely on the fact that a case is at its infancy stages would be equally premature by the Court. Such glossy analysis would ignore the well-established case law cited above that requires the party seeking the

continuance to specifically identify the information it needs to oppose a summary judgment motion. Consequently, the Court must closely examine the scope of Campagnolo's claims.

Here, Campagnolo argues that there is no question that FSA has made false statements in violation of § 43(a) of the Lanham Act. This statute generally assigns civil liability upon any person who makes a false or misleading description of fact in commercial advertising. *See* 15 U.S.C. § 1125(a). In order to bring a false advertising claim under the Lanham Act, a plaintiff must show that: (1) the defendant made a false or deceptive statement of fact in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1136 (9th Cir. 1997) (citations omitted). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Id.* (citation omitted).

Based upon this case law, Campagnolo claims that FSA has made literally false statements in both the advertisements and on its own website about Campagnolo's and FSA's cranksets. Campagnolo further argues that FSA has all the information it needs to defend Campagnolo's motion in its possession, because FSA was the only party who published the allegedly false information.

The Court disagrees. Campagnolo's partial summary judgment motion rests almost entirely upon the independent testing performed by Northwest Laboratories of Seattle, Inc. ("Northwest Labs").[2] Campagnolo claims that these tests unequivocally reveal that FSA's

---

[2] To the extent that Campagnolo argues that its partial summary judgment motion also rests upon FSA admissions made in their answer to Campagnolo's amended complaint, the Court disagrees. The alleged admissions do not concede that FSA published false statements. Rather, FSA's statements only indicate that the advertisements and published information say what they say, while clearly denying Campagnolo's allegation that they were false.

ORDER
PAGE - 5

cranksets weigh more than what FSA advertised and posted on its website. But as FSA correctly points out, FSA has not had the opportunity to propound any discovery upon Northwest Labs. There is no way for FSA to know with any certainty whether Northwest Labs weighed the same version of the same product that was weighed by Campagnolo before it published the allegedly false information in magazines and on its website. Specifically, the testing performed by Northwest Labs does not reveal the manufacturing dates or model years for the cranksets that were examined. Therefore while it may be correct that FSA may have sufficient information to respond to Campagnolo's motion by revealing material from its own tests, Campagnolo has made this information fair game by resting its theory of the case on these results. It would be fundamentally unfair to prohibit FSA's ability to question the veracity of the information provided by Northwest Labs.

In addition, FSA has had no opportunity to explore whether these allegedly false statements are material. As mentioned above, a plaintiff must show that the deceptive practice influenced the purchasing decision. *See Southland*, 108 F.3d at 1136. Furthermore, Campagnolo acknowledges that with respect to FSA's website, the information online only reveals the weight of FSA's crankset. While it is certainly true that "a product's weight is the product's weight" as Campagnolo contends (Dkt. #44 at 4), the weight is only one factor of a crankset's stiffness-to-weight ratio. Indeed, Campagnolo fails to produce any customer surveys regarding whether the weight of a bicycle when viewed in isolation would affect a customer's purchasing decision. *See Southland*, 108 F.3d at 1136 ("Reactions of the public are typically tested through the use of consumer surveys."). As a result, adjudicating a summary judgment motion without the benefit of such information would ignore the well-established test of whether a plaintiff has a valid § 43(a) Lanham Act claim.

Lastly, the Court finds it worthwhile to address FSA's affirmative defense of unclean hands. FSA claims that Campagnolo frequently reports weights of components that differ from the actual production line models. Campagnolo contends that this defense is a ploy to distract the Court and implies that it was frivolously brought. However, Campagnolo cannot dispute that "[u]nclean hands is a defense to a Lanham Act infringement suit." *Fuddruckers,*

*Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987) (citations omitted). The Ninth Circuit has recognized that "it is essential that the plaintiff should not in his trade mark, or in his advertisements and business, be himself guilty of any false or misleading representation." *Japan Telecom, Inc. v. Japan Telecom America Inc.*, 287 F.3d 866, 970 (9th Cir. 2002) (quoting *Worden v. Cal. Fig Syrup Co.*, 187 U.S. 516, 528 (1903)). Thus, FSA is entitled to explore this affirmative defense that would bar Campagnolo's right to relief. Should this defense prove to be frivolous as Campagnolo contends, Campagnolo certainly has the ability to pursue the remedial avenues provided by the Federal Rules.

In short, while the Court agrees with Campagnolo's assertion that its motion presents a straightforward issue, the facts underlying their arguments certainly are not. FSA has met its burden in identifying which specific facts it needs through discovery to properly defend Campagnolo's partial summary judgment motion. To hold otherwise would preclude FSA from pursing its theory of the case.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant "Full Speed Ahead, Inc.'s Motion for a FRCP 56(f) Continuance for Depositions and Discovery" (Dkt. #48) is GRANTED IN PART. Rather than renoting Plaintiff's motion for partial summary judgment to August 28, 2009 as Defendant requests, the Court shall STRIKE AS MOOT Plaintiff's motion (Dkt. #44) without prejudice to refile in accordance with the deadlines previously imposed by the scheduling order of the Court.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this _23_ day of March, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE