UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAMPAGNOLO S.R.L., )
) CASE NO. C08-1372 RSM
Plaintiff, )
)
v. ) ORDER GRANTING PLAINTIFF'S
) MOTION FOR LEAVE TO AMEND
)
FULL SPEED AHEAD, INC., )
)
Defendant. )
)

This matter comes before the Court on Plaintiff's "Motion for Leave to Amend Complaint to Add Defendant." (Dkt. #62). On September 5, 2008, and prior to transfer of this case from the Eastern District of Pennsylvania, Plaintiff Campagnolo S.R.L. ("Campagnolo") voluntarily dismissed Tien Hsin Industries Co., Ltd. ("Tien Hsin") from this lawsuit. Campagnolo now seeks leave from the Court to add Tien Hsin, which it alleges is Defendant Full Speed Ahead, Inc.'s ("FSA") parent company, back to the case "so that all parties in this matter will be before the Court." (Dkt. #62 at 4). Campagnolo also indicates that the only reason Tien Hsin was previously dismissed was "[t]o streamline the matter at the time of transfer" and "in hopes that the matter could be resolved through negotiation or motion practice." (*Id.*).

FRCP 15(a)(2) provides that where a party does not amend its pleading within the circumstances provided under FRCP 15(a)(1), "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires."

ORDER
PAGE - 1

FRCP 15(a)(2). It is well settled that the underlying purpose of Rule 15(a) is "to facilitate decisions on the merits, rather than on technicalities or pleadings." *James v. Piller*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citation omitted). A district court may, however, deny leave to amend if it finds the existence of "bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Zucco Partners, LLC v. Digimarc. Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations and citations omitted).

Here, the Court finds that none of the afore-mentioned reasons exist, and granting Campagnolo's motion for leave is appropriate for two primary reasons. First, all potential parties with an interest in the litigation should be before the Court. FSA cannot deny that Tien Hsin has made representations in a separate proceeding that FSA is a wholly owned subsidiary of Tien Hsin. *See Tien Hsin Indus. Co. Ltd., et al. v. Cane Creek Cycling Components, et al.*, C07-1272 TSZ. FSA also cannot deny the representations it has already made in this case. These include the facts that Tien Hsin is owned by Douglas Chiang and his wife, Hsia-Shi Wang, and that FSA is separately owned by Ms. Wang. Therefore it appears that there is a commonality of interests between the two corporations that justify Tien Hsin's inclusion into the case at this stage of the proceedings. FSA's arguments that Campagnolo fails to establish any agency or alter-ego theories in its motion for leave are premature.

Second, the case is still at its infancy stages. Although the complaint was filed approximately one year ago, no meaningful discovery has taken place because several pre-answer motions were filed, and the case was transferred from the Eastern District of Pennsylvania. In addition, Campagnolo moved for partial summary judgment following the case's transfer to this Court, further delaying the commencement of any discovery. In fact, the Court only recently issued its initial scheduling order on March 11, 2009. Therefore FSA's contention that it will suffer prejudice at this stage of the proceedings is unavailing. The underlying purpose of Rule 15(a) to facilitate a decision on the merits is served by allowing Campagnolo leave to amend.

1 　　　　The Court finds it worthwhile to note that counsel for Campagnolo has consistently failed to follow the rules of the Court.  Counsel has repeatedly failed to note motions in accordance with the Local Rules (*see* Dkts. #58, #60, and #62), filed overlength motions without permission from the Court (Dkt. #58), and impermissibly filed a response to a surreply (Dkt. #76).  Counsel is on notice that failure to conform to the rules of the Court in the future may result in sanctions.

　　　　Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

　　　　(1)  Plaintiff's Motion for Leave (Dkt. #62) is GRANTED.  Plaintiff is directed to file its second amended complaint within seven (7) calendar days from the date of this Order.

　　　　(2)  The Clerk is directed to forward a copy of this Order to all counsel of record.

　　　　DATED this 23rd day of April, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Ricardo S. Martinez
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE