UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMPAGNOLO S.R.L., | ) CASE NO. C08-1372 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION TO DECLARE DEFENDANT |
| | ) AS AGENT |
| FULL SPEED AHEAD, INC., *et al.*, | ) |
| Defendants. | ) |
| | ) |

This matter comes before the Court on Plaintiff's "Motion to Declare Defendant Full Speed Ahead, Inc. an Agent for Service for Tien Hsin Industries Co., Ltd." (Dkt. #104). Plaintiff argues that the corporate relationship between Defendant Full Speed Ahead, Inc. ("FSA") is so intertwined with Defendant Tien Hsin Industries Co., Ltd. ("Tien Hsin") that the court should declare FSA the agent for service of process on behalf of Tien Hsin. The Court agrees.

FRCP 4 sets forth the rules for proper service. FRCP 4(h)(1)(B) specifically states that a foreign corporation "must be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Importantly, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

ORDER
PAGE - 1

In the instant case, Plaintiff attempted to serve Tien Hsin by submitting a summons and complaint to John Matthew Van Enkevort, Senior Vice President and Managing Director of FSA, at FSA's offices in Woodinville, Washington. Defendants rejected service, claiming that Tien Hsin does not maintain any offices in Washington or elsewhere in the United States. In fact, Defendants moved to quash the summons served on Mr. Van Enkevort. (Dkt. #82).

However, rejection of the summons and complaint was unjustified. It is clear that Tien Hsin will have adequate notice of the instant lawsuit if service is effectuated upon FSA because the two entities have a close business relationship. For example, the president of Tien Hsin, whose wife notably owns FSA, previously allowed Mr. Van Enkevort to represent Tien Hsin's interests in a separate lawsuit involving Tien Hsin and FSA in the Western District of North Carolina. (*See* Dkt. #105, Decl. of Snyder, Ex. B). In that case, Mr. Van Enkevort was given the authority to write a letter to all Tien Hsin and FSA customers about the termination of a relationship with a third-party to manufacture headsets. He was also given the authority send correspondence on behalf of Tien Hsin and FSA demanding payment from the third-party. This does not reflect a sporadic or transactional relationship that would bar service under FRCP 4(f).

Defendants also do not object to service on the basis of notice, but rather attempt to make Tien Hsin's corporate form and its relationship with FSA as complex as possible to evade service. These arguments do not comply with the spirit and intent of the Federal Rules. As the Ninth Circuit has made expressly clear:

> Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. *The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice*. Thus, the service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, *service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service*.

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotations and citation omitted) (emphasis added).

Here, it is clear that Mr. Van Enkevort has the ability to provide Tien Hsin with notice of the lawsuit.  Mr. Van Enkevort has acknowledged his ability to freely communicate with the president of Tien Hsin in the past, and there is no reason to believe those channels no longer exist.  Precluding service upon Tien Hsin based on Defendants' arguments would only prejudice the Court's ability to adjudicate this case on the merits.  As a result, the Court finds that FSA is a general agent of Tien Hsin for purposes of FRCP 4(h)(1)(B).

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and orders:

(1)  Plaintiff's "Motion to Declare Defendant Full Speed Ahead, Inc. an Agent for Service for Tien Hsin Industries Co., Ltd." (Dkt. #104) is GRANTED.

(2)  Defendants' Motion to Quash (Dkt. #82) is DENIED AS MOOT.

(3)  The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this  22  day of June, 2009.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE