UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMPAGNOLO S.R.L., | ) CASE NO. C08-1372 RSM |
|        Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
|    v. | ) MOTION TO STRIKE |
| | ) |
| FULL SPEED AHEAD, INC. *et al.*, | ) |
|        Defendants. | ) |

## **I.  INTRODUCTION**

This matter comes before the Court on "Plaintiff's Motion to Strike Pursuant to FRCP 12(f) and FRCP 9(b)."  (Dkt. #99).  Plaintiff moves to strike Defendants' affirmative defense of unclean hands on the grounds that Defendants have failed to plead a legally sufficient defense pursuant to FRCP 12(f).  Plaintiff also contends that Defendants' unclean hands defense does not meet the heightened particularity requirements of FRCP 9(b).  Defendants respond that Plaintiff's interpretation of unclean hands is unreasonably narrow, and that FRCP 9(b) does not apply.

For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## **II.  DISCUSSION**

### **A.  Background**

The Court has previously discussed the relevant facts that gave rise to this false advertising lawsuit based on the Lanham Act in its order granting Defendant Full Speed

ORDER
PAGE - 1

Ahead, Inc.'s ("FSA") motion to continue. (*See* Dkt. #57). Accordingly, it is unnecessary to restate them in any further detail here. The Court only notes that counsel for both parties have exhibited an overly contentious relationship, and have engaged in the unnecessary practice of filing repetitive motions with the Court despite the fact that no meaningful discovery has taken place. These motions include four separate motions related to the instant motion to strike. The first is Plaintiff Campagnolo S.R.L.'s ("Campagnolo") motion for protective order wherein Campagnolo essentially seeks to preclude discovery related to FSA's affirmative defense of unclean hands. (Dkt. #88). The second is FSA's motion to compel in which FSA requests discovery related to its affirmative defense of unclean hands. (Dkt. #116). The third and fourth relate to Campagnolo's motion for sanctions against FSA for refusing to withdraw its unclean hands defense. (Dtks. #120 and #122). Resolution of the instant motion is therefore dispositive of these motions.

### B. Motion to Strike

FRCP 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court within the Ninth Circuit has defined the relevant terms under FRCP 12(f):

> To show that a defense is "insufficient," the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed . . . "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . . "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question . . . "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action.

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002) (internal quotations and citations omitted).

Courts are generally reluctant to determine disputed issues on a motion to strike because "these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Id.* (citing 5 Charles Wright & Arthur Miller, Federal Practice & Procedure, § 1381 at 800-01). Nevertheless, courts employ motions to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues

prior to trial[.]" *Sidney-Vintstein v. A.H. Roins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ("The district court could properly grant the motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case."). The possibility that certain claims "will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Alco*, 217 F.Supp.2d at 1033.

With respect to unclean hands, there is no dispute that "[u]nclean hands is a defense to a Lanham Act infringement suit." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987) (citations omitted). However, in order to prevail, "the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Id.* (citation omitted). In other words, "misconduct in the abstract, unrelated to the claim which it is asserted as a defense, does not constitute unclean hands." *Republic Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963). Therefore "equity requires that those seeking its protection shall have acted fairly and without fraud or deceit *as to the controversy in issue*." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (emphasis added). "The concept of invoking the denial of relief is not intended to serve as punishment for extraneous transgressions, but instead is based upon 'considerations that make for the advancement of right and justice.'" *Republic*, 319 F.2d at 349 (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)).

Based on these well-establishes principles, the Court finds that FSA's affirmative defense of unclean hands should be stricken. FSA's claims are far too attenuated from the claims raised by Campagnolo to justify their inclusion in this lawsuit. For instance, Campagnolo brings this lawsuit based solely on representations made by FSA regarding Campagnolo's crankset, a bicycle component that Campagnolo manufacturers and develops. Campagnolo specifically contends that in 2008, FSA published several misleading advertisements regarding the stiffness-to-weight ratio of Campagnolo's crankset in bicycle

publications and on the web. Meanwhile, FSA counters that in three of Campagnolo's own catalogues from 2004 through 2006, Campagnolo falsely advertised the weight of its own crankset. (*See* Dkt. #87, Def.'s Answer, ¶¶ 107-126). FSA does not allege that Campagnolo made any false claims about FSA's cranksets. Thus, FSA's claims do not directly relate to Campagnolo's allegations, but rather accuse Campagnolo of "misconduct in the abstract." *See Republic*, 319 F.2d at 349.

Nevertheless, FSA argues that the doctrine of unclean hands in the context of a false advertising suit encompasses more than the specific dispute between the parties. FSA indicates that to hold otherwise would "contradict[] every case in which the unclean hands defense has been applied" and that "courts from across the nation, including within the Ninth Circuit, have applied the defense in the context of Lanham Act false advertising on the basis of the plaintiff's own advertising of similar or competing products." (Dkt. #106 at 8). FSA therefore contends that it is entitled to defend Campagnolo's claims by showing that Campagnolo has engaged in systematic false advertising.

FSA's arguments are not persuasive. First, every case cited by FSA comes from a district court that has no binding effect on this Court. Two of the three cases FSA relies upon are not published opinions, and the third comes from a district court in Pennsylvania. (*See* Dkt. #106 at 8) (citing *Trafficschool.com v. Edriver, Inc.*, 2008 WL 4000805 (C.D. Cal. 2008); *Emco. Inc. v. Obst*, 2004 WL 1737355 (C.D. Cal. 2004); *Ames Publishing Co. v. Walker-Davis Publications, Inc.*, 372 F.Supp. 1 (E.D. Pa. 1974)).

In any event, FSA mistakenly assumes that because the subject matter of the instant dispute is the weight of the parties' respective cranksets, any and all conduct of Campagnolo with respect to its crankset is fair game. As mentioned above, the unclean hands defense does not stretch that far. Instead, "[t]he misconduct which brings the clean hands doctrine into operation must relate directly to the transaction upon which the complaint is made, i.e., *it must pertain to the very subject matter involved and affect the equitable relations between the litigants*." *Kaiser Trading Co. v. Associated Metals and Minerals Corp.*, 321 F.Supp. 923, 936 (D.C. Cal. 1970) (emphasis added). Therefore in the instant case, FSA's claims would

ORDER
PAGE - 4

have to directly relate to Campagnolo's allegations regarding FSA's misrepresentations about Campagnolo's cranksets. This is the subject matter of this lawsuit. General allegations regarding Campagnolo's prior history regarding its own advertisements are not the subject matter of this lawsuit. These are extraneous claims as Campagnolo's advertising history does not directly relate to the alleged misrepresentations made by FSA about Campagnolo's cranksets. Indeed, "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant." *Republic*, 319 F.2d at 349.

FSA also repeatedly argues in its response and throughout several other pleadings in this case that the Court has already ruled on the legal sufficiency of its defense. FSA is mistaken. In a previous order, the Court merely recognized the general rule of law that the doctrine of unclean hands is a defense to a Lanham Act infringement suit. (Dkt. #57 at 6). The Court was ruling on Campagnolo's summary judgment motion, and no motion with respect to FSA's unclean hands defense was before the Court. In fact, the Court made clear that "[s]hould this defense prove to be frivolous as Campagnolo contends, Campagnolo certainly has the ability to pursue the remedial avenues provided by the Federal Rules." (*Id.* at 7). Campagnolo pursued these avenues by bringing the instant motion to strike.

Moreover, the Court is mindful of the standards set forth in FRCP 12(f) mentioned above. The Court reiterates that the purpose of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vintstein*, 697 F.2d at 885. FSA's ability to maintain this defense would therefore unnecessarily complicate this case such that "the trier of fact [would] draw 'unwarranted' inferences at trial." *Alco*, 217 F.Supp.2d at 1033. It is clear that FSA's unclean hands defense is detracting from the core issues of this case. Any doubt is erased by the multiple motions that have been raised by both parties regarding this defense, as well as the correspondence submitted by the parties which demonstrate an overly contentious relationship between counsel. As a result, the Court shall strike FSA's affirmative defense of

unclean hands on the grounds that it is both immaterial and impertinent to Campagnolo's claims.

Furthermore, because the Court grants Campagnolo's motion pursuant to the standards set forth in FRCP 12(f), the Court finds it unnecessary to discuss the parties' arguments with respect to FRCP 9(b).

### C. Campagnolo's Motion for Sanctions

Campagnolo also filed a motion for sanctions against FSA on June 25, 2009. (Dkt. #120). Campagnolo argues that sanctions should be imposed pursuant to FRCP 11 on the grounds that FSA has refused to withdraw its defense of unclean hands. However, the motion was prematurely filed because the Court's ruling regarding the instant motion to strike was under advisement when Campagnolo filed its motion for sanctions. Indeed, the legal arguments raised in Campagnolo's motion for sanctions are substantially similar to the arguments raised in its motion to strike.

Relatedly, the Court notes that both parties have abused the practice of litigation in this case. Instead of properly responding to motions in accordance with the Local Rules of the Court, both parties have chosen to respond to their opponent's motions by filing motions of their own. The Court reminds both parties of their obligations to refrain from multiplying the proceedings in an unreasonable manner. To the extent both counsel for both parties complain that the other is responsible for adding unreasonable costs in this case, it is overwhelmingly clear that both parties are equally at fault.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) "Plaintiff's Motion to Strike Pursuant to FRCP 12(f) and FRCP 9(b)" (Dkt. #99) is GRANTED. Defendants' affirmative defense of unclean hands shall be stricken.

(2) Plaintiff's Motion for Protective Order (Dkt. #88), Defendants' Motion to Compel (Dkt. #116), Plaintiff's Motion for Sanctions (Dkt. #120) and Defendants' Motion to Stay (Dkt. # 122) are STRICKEN AS MOOT.

(3)  The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this 26th day of June, 2009.



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE